IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

XIU YING CHEN,

                *Petitioner*,

    v.

MICHAEL T. ROSE, *et al*,

                *Respondents*.

Civil Action No. 3:26-cv-221

Hon. William S. Stickman IV

## ORDER OF COURT

This case was initiated on February 12, 2026, with the submission of a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"), challenging Petitioner's immigration detention in the Moshannon Valley Processing Center. (ECF No. 1). The petition was filled without the filing fee or a motion to leave in forma pauperis ("IFP"). To date, Petitioner has failed to pay the required filing fee, submit an IFP motion, respond to the Deficiency Order (ECF No. 2), or otherwise prosecute this case.

A federal court has the discretion to dismiss a proceeding *sua sponte* under Rule 41(b) of the Federal Rules of Civil Procedure based on a party's failure to prosecute or comply with an order of court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) (citing FED. R. CIV. P. 41(b)); *Guyer v. Beard*, 907 F.2d 1424, 1429 (3d Cir. 1990). In *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth the following six factors to be weighed when considering whether dismissal of a case as a sanction for failure to prosecute or to obey pretrial orders: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure; (3) a history of dilatoriness; (4) whether the conduct of the

1

party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id*. at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988). The Court holds that application of the *Poulis* factors is appropriate in this habeas case.

As to the first factor, Petitioner is proceeding in this matter *pro se*, and is alone responsible for prosecuting this case and complying with orders of court. As to the second factor, Respondents have not been served with the petition. There is no indication that any Respondent has been prejudiced unfairly by Petitioner's conduct. As to the third factor, Petitioner has failed to respond to the Deficiency Order, and he has not paid the applicable filing fee or moved for leave to proceed IFP. This indicates that Petitioner does not intend to proceed with this case. As to the fourth factor, it appears that Petitioner has willfully failed to prosecute the case. As to the fifth factor, Petitioner currently is proceeding *pro se*, and there is no indication on the record that the imposition of costs or fees likely would be an effective sanction. Lastly, as to the sixth factor, a habeas petition attacking immigration detention under 28 U.S.C. § 2241 is mooted upon the Petitioner's removal from the country or transfer to another detention facility outside the jurisdiction of the Court. Given Petitioner's unresponsiveness, it is likely that this case is now moot.

On balance, the Court concludes that the *Poulis* factors support dismissal. While the Court is mindful of the Third Circuit's strong policy in favor of deciding cases on the merits, such a resolution is impossible when Petitioner declines to meaningfully participate in his case. The Court concludes that the extreme sanction of dismissal is warranted.

2

AND NOW, this 26th day of March 2026, IT IS HEREBY ORDERED that Petitioner's petition [1] is DISMISSED, without prejudice, for failure to prosecute.  The Clerk of Court shall mark this CASE CLOSED.

BY THE COURT:

*/s/William S. Stickman*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE